RONALD K. ALBERTS (SBN: 100017)
MICHELLE L. STEINHARDT (SBN: 235149)
GORDON & REES LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470
Email: ralberts@gordonrees.com
msteinhardt@gordonrees.com

Attorneys for Defendants
RAWLINGS FINANCIAL SERVICES, LLC
AND THE RAWLINGS COMPANY LLC
erroneously sued as RAWLINGS GROUP, LLC,
RAWLINGS COMPANY, RAWLINGS INC.,
RAWLINGS CORPORATION, RAWLINGS
CORPORATION, INC., RAWLINGS CO. INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA QUINTERO and VICTORIA QUINTERO, and Members of the General Public Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>THE RAWLINGS COMPANY LLC, RAWLINGS GROUP, LLC, RAWLINGS FINANCIAL SERVICES, LLC, RAWLINGS COMPANY, RAWLINGS INC., RAWLINGS CORPORATION; RAWLINGS CORPORATION INC., RAWLINGS CO. INC., MERCURY CASUALTY COMPANY, MERCURY INSURANCE, INC, MERCURY INSURANCE GROUP and DOES 1 through 100,<br><br>    Defendants. | CASE NO.<br>CV12-03478 RGK (JCGx)<br><br>**DEFENDANTS RAWLINGS FINANCIAL SERVICES, LLC AND RAWLINGS COMPANY LLC ERRONEOUSLY SUED AS RAWLINGS GROUP, LLC; RAWLINGS COMPANY; RAWLINGS INC.; RAWLINGS CORPORATION; RAWLINGS CORPORATION, INC.; AND RAWLINGS CO. INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date:      June 4, 2012<br>Time:     9:00 a.m.<br>Courtroom: 850 |

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 4, 2012 at 9:00 a.m., or as soon thereafter as the matter may be heard, in the above-captioned Court, located at 255 E. Temple Street, Los Angeles, California 90012, Courtroom 850, Defendants

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

1 Rawlings Financial Services, LLC and The Rawlings Company LLC erroneously
2 sued as Rawlings Group, LLC; Rawlings Company; Rawlings Inc.; Rawlings
3 Corporation; Rawlings Corporation, Inc.; and Rawlings Co. Inc. (collectively
4 "Defendants") will and hereby do move pursuant to Rule 12(b)(6) of the Federal
5 Rules of Civil Procedure for an order dismissing all of the claims against it on the
6 grounds that Plaintiffs Monica Quintero and Victora Quintero (collectively
7 "Plaintiffs") have failed to state a claim upon which relief can be granted.

8     This motion is made on the following grounds:

9     1. Plaintiffs' assert state law claims that "relate to" an employee health
10 benefit plan governed by the Employee Retirement Income Security Act, 29 U.S.C.
11 section 1001, *et seq.* ("ERISA").  Section 514(a) of ERISA expressly provides that
12 any state law claim that "relate[s] to any employee benefit plan" is preempted.  29
13 U.S.C. § 1144(a); *see also Bast v. Prudential Insurance Company of America,* 150
14 F.3d 1003, 1005 (9th Cir. 1998) *cert. denied,* 528 U.S. 870 (1999) [holding that
15 various state-law claims arising from delay in authorization for bone marrow
16 transplant were preempted under Section 514(a).]  Both of Plaintiffs' state law
17 claims, including violations of the Knox Keene Act and California Unfair Business
18 Practices Act, Business and Professions Code sections 17200 through 17500
19 specifically relate to an ERISA-governed employee health benefit plan and
20 therefore both of these causes of action asserted against Defendants and the
21 corresponding relief sought should be dismissed.

22     2. Plaintiffs' state law claims are also subject to conflict preemption
23 under Section 502(a) of ERISA.  Plaintiffs assert state law claims that challenge
24 the administration of benefits under an ERISA-governed employee health benefit
25 plan.  Plaintiffs are seeking monetary damages for alleged injuries they suffered
26 arising from the payment of medical benefits and the corresponding request for
27 reimbursement of those payments.  Plaintiffs are attempting to duplicate,
28 supplement, and supplant the *exclusive* remedies available under Section 502(a),

1 and therefore Plaintiffs' claims are completely preempted and must be dismissed.
2 *See Aetna Health, Inc. v. Davila,* 542 U.S. 200, 209 (2004).

3   3. Plaintiffs' claims do not fall under the savings clause exception to
4 ERISA preemption, because Defendants cannot be deemed to be an insurance
5 company. 29 USC § 1144(6)(2)(B). Accordingly, Plaintiffs' state law claim
6 pursuant to the Knox Keene Act is preempted by ERISA.

7   4. Plaintiffs have asserted Defendants have violated 15 USC 1692(a), the
8 Federal Debt Collections Practices Act. ("FDCPA"). "[T]he FDCPA is
9 inapplicable to 'collection efforts by those who obtained the right to payment on
10 the debt before the debt was in default.'" *Kessleman v. The Rawlings Company,*
11 *LLC*, 668 F.Supp.2d 604 (S.D.N.Y. 2009); *Dantin v. Rawlings Co., LLC.*, 2005
12 U.S. Dist. LEXIS 46182, 12-13 (M.D. La. Apr. 13, 2005). The Defendants fall
13 within the exception to the definition of a "debt collector" carved out by Section
14 1692a(6)(F)(ii) of the FDCPA because Defendants obtained the "debt" prior to the
15 time the debt is in default. Thus, Plaintiffs cannot state a claim for which relief can
16 be granted under the FDCPA.

17   5. Leave to amend would be futile, and therefore Plaintiffs' Complaint
18 should be dismissed with prejudice.

19  Defendants' Motion to Dismiss is based on this notice, the attached
20 memorandum of points and authorities, the Request for Judicial Notice, the records
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

**Gordon & Rees LLP**
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

1  and pleadings on file in this action, and on such further evidence, either oral or
2  documentary as may be presented at the briefing of this Motion.

3  Dated:  April 30, 2012					GORDON & REES LLP

					By:	/s/ Michelle L. Steinhardt
						Ronald K. Alberts
						Michelle L. Steinhardt
						ATTORNEYS FOR
						DEFENDANTS RAWLINGS
						FINANCIAL SERVICES, LLC
						AND THE RAWLINGS
						COMPANY LLC erroneously
						sued as RAWLINGS GROUP,
						LLC; RAWLINGS COMPANY;
						RAWLINGS INC.; RAWLINGS
						CORPORATION; RAWLINGS
						CORPORATION, INC.;
						RAWLINGS CO. INC.

**Gordon & Rees LLP**
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case involves various state law claims alleged by Plaintiffs Monica and Victora Quintero (hereinafter collectively referred to as "Plaintiffs") relating to medical benefits Plaintiffs received pursuant to a self-funded Employee Income Retirement Act of 1974 ("ERISA") benefits Plan.  Plaintiffs' state law claims for (1) Violation of the Knox Keene Act and (2) California Unfair Business Practices Business and Professions sections 17200 – 17500 (collectively hereinafter referred to as "State Law Claims") against Defendants Rawlings Financial Services, LLC and The Rawlings Company LLC erroneously sued as Rawlings Group, LLC; Rawlings Company; Rawlings Inc.; Rawlings Corporation; Rawlings Corporation, Inc.; and Rawlings Co. Inc. (collectively "Defendants") are completely preempted by the broad enforcement scheme of ERISA, and thus cannot be maintained.  For each claim for relief, including Plaintiffs' request for punitive damages, Plaintiffs allege that because Plaintiffs received medical insurance, any lien for the repayment of medical benefits against settlement proceeds arising out of personal injury accidents should be barred.  The analysis concerning Plaintiffs' obligation to reimburse Defendants for the cost of medical benefits relates to a medical plan that falls within the ambit of the Employee Retirement Income Security Act of 1974.  Defendants request that this Court dismiss all of Plaintiffs' State Law Claims and corresponding remedy requests on the basis that each and every one of them is preempted by ERISA.

In addition, Plaintiffs assert Defendants violated the Fair Debt Collections Practices Act by asserting a lien against settlement funds received from third party tortfeasors and their corresponding insurance companies.  The Fair Debt Collections Practices Act ("FDCPA") only applies to debts that are in default. Plaintiffs' obligation to repay the "debt" does not arise unless and until Plaintiffs recover funds via judgment, settlement or otherwise from a third party liable for

1 the health payments Plaintiffs received. Debts such as the one in this matter that
2 are not in default are exempt from the FDCPA. Defendants request that Plaintiffs
3 claim pursuant to the FDCPA be dismissed with prejudice as Plaintiffs have failed
4 to state a claim for which relief can be granted.

## II. STATEMENT OF FACTS

Plaintiffs allege that they were involved in "injury accidents" in California within the last four years. Complaint, ¶ 7. Plaintiffs allege they "paid for and purchased medical insurance through various providers..." Complaint, ¶ 10. Plaintiffs allege that after a settlement was reached, presumably arising out of the "injury accidents," Defendants improperly placed a lien on the settlement funds and deprived Plaintiffs of the settlement payments. Complaint, ¶¶ 12-14.

## III. ARGUMENT

### A. A Motion To Dismiss Is Proper Because Plaintiffs' State Law Claims Are Preempted By ERISA

Federal Rule of Civil Procedure, Rule 12(b)(6) permits a motion to dismiss for failure to state a claim upon which relief may be granted. When ruling on a motion to dismiss made pursuant to Rule 12(b)(6), a court "accept[s as true] all material allegations of a complaint and view[s] them in the light most favorable to the plaintiff." *Wright v. Oregon Metallurgical Corp.,* 360 F.3d 1090, 1096 (9th Cir. 2004) (upholding dismissal of plaintiffs' ERISA claims for breach of fiduciary duty). "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Bureerong v. Uvawas,* 922 F.Supp. 1450, 1462 (C.D. Cal. 1996) (relying upon *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981).

Here, Plaintiffs characterize their claims to determine entitlement to ERISA benefits in a variety of ways, including violations of the: (1) Knox Keene Act and (2) Unfair Business Practices Act Business and Professions Code sections 17200 -

**Gordon & Rees LLP**
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1 17500. The payment and reimbursement of medical benefits under a self-funded
2 ERISA governed benefits Plan is the cornerstone of each and every State Law
3 Claim asserted by Plaintiffs. Each of these enumerated claims are preempted by
4 ERISA as the claims fall within the scope of ERISA's civil enforcement provision
5 under 29 U.S. C. § 1132(a), and relate to an ERISA plan under 29 U.S.C. §
6 1144(a); *Bast v. Prudential Insurance Company of America,* 150 F.3d 1003, 1009
7 (9th Cir. 1998) *cert. denied,* 528 U.S. 870 (1999). Accordingly, Plaintiffs have not
8 plead any facts to support a plausible claim against Defendants.

**B.     The Court is Permitted to Examine the Terms of the ERISA Governed Plan at Issue**

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion…However, material which is properly submitted as part of the complaint may be considered" on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1555, n. 19 (9th Cir. 1990) (citations omitted.) Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir. 1994) *overruled on other grounds by Galbraith v. County of Santa Clara,* 307 F.3d 1119 (9th Cir. 2002.) The court is also permitted to take judicial notice of "matters of public record" pursuant to Rule 201 of the Federal Rules of Evidence. *Mack v. S. Bay Beer Distribution,* 798 F.2d 1279, 1282 (9th Cir. 1986.)

The health benefits Plan at issue is the Quest Diagnostics Medical Plan and is governed by ERISA (the "Plan"). The terms of the Plan are contained in the following two documents: (1) Health Plan document and (2) Administration document. (See Request for Judicial Notice ("RFJN"), ¶ 1, Exhibit 1.) The Court may consider all of these documents as part of this Motion to Dismiss because they are integral documents concerning the "medical insurance" "plaintiffs had paid for

and purchased…through various medical providers…" as referred to in the Complaint. Complaint, ¶ 10; *Sgro v. Danone Waters of N. Am., Inc.,* 532 F.3d 940, 943, n.1 (9th Cir. 2008) ["We're allowed to consider the plan documents, even on a motion to dismiss, because [Plaintiffs] refer to them in [their] complaint."; *See also Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir. 1994) ["[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."] *overruled on other grounds by Galbraith v. County of Santa Clara,* 307 F.3d 1119 (9th Cir. 2002).

Moreover, this Court is permitted to take judicial notice of these documents. Fed. R. Evid. 201. Courts may take judicial notice of documents outside of the complaint that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed.R.Evid. 201(d); *Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1109 (N.D. Cal. 2003). In addition, a court may take judicial notice of "…documents crucial to the plaintiff's claims but not explicitly incorporated in a complaint…" *Wietschner,* 294 F. Supp. 2d at 1109. The Plan documents attached as Exhibit A to the Declaration of Yolanda Glover filed in support of the Defendants' Notice of Removal are documents whose accuracy cannot reasonably be questioned. Therefore, judicial notice is appropriate.

### C. The Plan At Issue Is Governed By ERISA

ERISA applies to any "employee benefit plan" and defines an employee benefit plan as follows:

> . . . any plan, fund or program which was . . . established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A)

medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment . . . 29 U.S.C. § 1002(1).

A "plan, fund or program" is "established" "if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits. *Donovan v. Dillingham,* 688 F.2d 1367 (11th Cir.1982); *Scott v. Gulf Oil Corp.,* 754 F.2d 1499 (9th Cir. 1985). Here, the Plan documents demonstrate the intended benefits offered, intended beneficiaries, a source of financing and a procedure to apply for and collect benefits. (See RFJN, ¶ 1, Exhibit 1, p. Health B-1 – B-16; Administration I-1 – I15). As further confirmation that the welfare plan is governed by ERISA, the Plan documents state on numerous occasions that the Plan is subject to ERISA and advises employees of their rights under ERISA. (See RFJN, ¶ 1, Exhibit 1, p. Health B-64; Administration I-1 – I-3). The Plan documents are sufficient alone to prove that the Plan is subject to ERISA, because the Plan documents are the best evidence that the ERISA governs the Plan. *Stuart v. Unum Life Insurance Company*, 217 F.3d 1145, 1149, 1154 (2000). Here, the Plan documents provide ample evidence demonstrating the Plan at issue is a self-funded ERISA Plan.

### D. ERISA Preemption

"There are two strands to ERISA's powerful preemptive force." *Cleghorn v. Blue Shield of Cal.,* 408 F.3d 1222, 1225 (9th Cir. 1995). "First, ERISA section 514(a) expressly preempts all state laws 'insofar as they may now or hereafter relate to any employee benefit plan.'" *Id.* (citing 29 U.S.C. § 1144(a).) "Second, ERISA section 502(a) contains a comprehensive scheme of civil remedies to enforce ERISA's provisions." *Id.* (citing 29 U.S.C. § 1132(a).) Pursuant to 29 U.S.C. 1132(a) "[a]ny state-law cause of action that duplicates, supplements or supplants the ERISA civil enforcement remedy conflicts with the clear

congressional intent to make the ERISA remedy exclusive and therefore preempted." *Aetna Health Inc. v. Davila* (2004) 542 U.S. 200, 209.  The court must examine both sections as preemption can occur under either section.  *See Cleghorn, supra,* 408 F.3d at 1225 ["A state cause of action that would fall within the scope of [§ 502(a)'s] scheme of remedies is preempted as conflicting with the intended exclusivity of the ERISA remedial scheme, even if those causes of action would not necessarily be preempted by section 514(a)" relying on *Davila, supra,* 542 U.S. at 214 n.4.].

The Ninth Circuit recognizes "[t]he interpretation of ERISA, a federal statute, is a question of law subject to de novo review." *Long v. Flying Tiger Line, Inc.*, 994 F.2d 692, 694 (9th Cir. 1993).  "Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1998), quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987).  "In such a case, even if the only claim in a complaint is a state law claim, if that claim is one that is 'completely preempted' by federal law, federal subject matter jurisdiction exists…" *Toumajian*, *supra*, 135 F.3d at 653.

ERISA's broad preemption of state law claims applies if:  (1) an ERISA benefit plan exists; (2) the state claims "relate to" an employee benefit plan; and (3) the state claim is not "saved" from ERISA's broad preemptive scheme by operation of ERISA's "savings clause" relating to state laws which solely regulate insurance.  See 29 U.S.C. §§ 1144(a) and 1144(b)(2)(A); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45-48 (1987); *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133 (1990).  All of these elements are met in the instant action.

### 1. Plaintiffs' State Law Claims are Precluded Because They All "Relate To" An ERISA Plan Under 514(a)

ERISA section 514(a) [29 U.S.C. § 1144(a)] expressly preempts state laws that "relate to" employee benefit plans … except state laws "regulating insurance."

**Gordon & Rees LLP**
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071

This express preemption provision is a defense to state law claims "relating to" an ERISA plan. *Pilot Life*, *supra*, 481 U.S. at 47 [plaintiff's state law causes of action are preempted as they all related to the benefit plan because he was suing to recover benefits under the plan.]; *see also Kanne v. Connecticut Gen. Life Ins. Co.*, 867 F.2d 489, 493 (9th Cir. 1988) *cert. denied*, 492 U.S. 906 (1989) [holding state law claims "arising from the improper processing of a claim are preempted by federal law"]; *Bui v. AT&T*, 310 F.3d 1143 (9th Cir. 2002)[ The Ninth Circuit held that state law theories for negligence, wrongful death and breach of contract were preempted by ERISA]; *Tingey v. Pixley-Richards West, Inc*., 953 F.2d 1124, 1131 (9th Cir. 1992) [holding plaintiff's state law claims "spring from the handling and disposition of [his] medical benefits insurance claim, and thus are subject to preemption"]; also *Belshe v. Laborers Health and Welfare Trust Fund*, 876 F. Supp. 216 (1994) [state law claims are preempted by ERISA since the medical plans at issue were self-insured]  Similarly, here, Plaintiffs' State Law Claims are all preempted because they "relate to" the payment and request for reimbursement of medical benefits under an ERISA Plan.

In *Pilot Life*, *supra*, 481 U.S. 41, the United States Supreme Court held ERISA preemption was not limited solely to state statutes and rules, but included common law causes of action related to ERISA plans.  ERISA's preemptive provisions are "deliberately expansive." *Id*. at 45-46.  A state law is deemed to "relate to" an employee plan "if it has a connection with or reference to such a plan." *Id.* at 47.  This preemption doctrine includes state law tort claims, for example, tortious breach of contract, breach of fiduciary duty, negligence, or fraud in the inducement. *Kanne, supra,* 867 F.2d at 493; *See Greany v. Western Farm Bureau Life Insurance Co.*, 973 F.2d 812, 818 (9th Cir. 1992) [negligence claim preempted]. In *Dishman v. UNUM Life Insurance Co. of America,* 269 F.3d 974, 983 (9th Cir. 2001), the Ninth Circuit reiterated that state law claims, including such claims as Plaintiffs attempt here, are completely preempted by ERISA:

"Claimants simply cannot obtain relief by dressing up an ERISA benefits claim in the garb of state law tort."

One of the primary indicators a claim "relates to" an ERISA plan is where, as here, resolution of the claim necessitates examination and interpretation of the plan documents themselves to determine whether defendant did in fact fail to pay a claim in the proper manner. *Davila, supra,* 542 U.S. at 218-219. Plaintiffs seek benefits under the ERISA plan alleging the request for reimbursement of medical benefits is improper. The determination as to whether reimbursement is appropriate requires an interpretation of the Plan terms and therefore Plaintiffs' claims are preempted.

### 2. Plaintiffs' Claims are Preempted Pursuant to 502(a)(1)(B)

Pursuant to section 502(a)(1)(B) "[a] civil action may be brought-- (1) by a participant or beneficiary-- . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." "ERISA's civil enforcement provision outlines the possible claims by a participant or beneficiary. They include: (1) an action to recover benefits due under the plan, ERISA § 502(a)(1)(B); (2) an action for breach of fiduciary duties, ERISA § 502(a)(2); and (3) suit to enjoin violations of ERISA or the Plan, or to obtain other equitable relief, ERISA § 502(a)(3)." *Bast, supra*, 150 F.3d at 1008.

ERISA section 502(a) [29 USC § 1132(a)] provides the exclusive remedies to recover benefits due or to enforce or clarify rights under an ERISA plan, thereby impliedly preempting state law remedies. "The detailed provisions of ERISA § 502(a) set forth a comprehensive civil enforcement scheme that 'would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.'" *Bast, supra*, 150 F.3d at 1007 citing *Pilot Life, supra,* 481 US at 57. Under this provision, state law claims seeking relief available under ERISA are "completely preempted"

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

because this provision provides the exclusive remedy for loss or denial of ERISA benefits. *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 63-64 (1987).

Here, Plaintiffs' claims are intertwined with the benefit plan sponsored by Quest Diagnostics Inc. In order to determine whether Plaintiffs are entitled to recovery or if Defendants are entitled to reimbursement, the Court will have to examine the provisions of the benefit Plan offered by Quest Diagnostics Inc. as Plaintiffs' reimbursement obligations are set forth in the Plan documents. (RFJN, ¶ 1, Exhibit 1, p. Health, B-61) Accordingly, as the various State Law Claims asserted by Plaintiffs specifically relate to the administration of the Plan, Plaintiffs' claims are preempted.

### 3. Even if the Unfair Business Practices Act is Not Preempted, Plaintiffs' Requested Remedies As Pled Are Not Permitted Under ERISA

Even if Plaintiffs' claims pursuant to the Unfair Business Practices Act are not preempted, the grounds for the alleged damages are not permitted by ERISA. Plaintiffs pray in their complaint for unequivocal damages – not restitution. As such, Plaintiffs cannot maintain an Unfair Business Practices claim. Plaintiffs seek remedies that are preempted by ERISA. Plaintiffs have alleged they are entitled to restitution, injunctive relief, attorneys fees pursuant to C.C.P. § 1021.5, economic damages, non-economic damages, punitive damages, disgorgement of all profits, interest, and penalties. Complaint, ¶¶ 23, 26, 31, and 35. However, as explained hereinabove, such remedies as pled by Plaintiffs are claims for damages and thus are not permissible under ERISA. 502(a) (29 U.S.C. 1132(a)).

Plaintiffs have pled violations of Unfair Business Practices Act. Permitting Plaintiffs to plead for restitution and injunctive relief pursuant to the Unfair Business Practices Act would convert virtually any damage claim into one for restitution. Section 17203 was plainly not intended to allow such manipulative arguments. *Baugh v. CBS, Inc*. (1993) 828 F.Supp. 745, 757-758. In *Baugh*,

plaintiffs attempted to re-characterize their claim for damages based upon emotional distress as claims for restitution and injunctive relief. The district court dismissed plaintiffs' Section 17200 claim because a claim for damages cannot be converted into a claim for restitution. *Baugh*, 828 F.Supp. at 757-758.

This difference between restitution and damages was explained by the California Supreme Court. "The object of the restitution order … was money that was once in the possession of the person to whom it was to be restored." *Cortez v. Purolator Air Filtration Products Co.* (200) 23 Cal.4th 163, 177. As applied in contract actions, restitution "put[s] the plaintiff in status quo ante" – i.e., it puts the injured party in "as good a position as that occupied by him before the contract was made" – as opposed to damages, which "put the plaintiff in status quo post " – i.e., which puts the injured party in "the position that he reasonably expected and has been unjustly disappointed by not attaining." (5 Corbin on Contracts (1964) Section 996, p. 15 (emphasis added); see also, *Dunkin v. Boskey* (2000) 82 Cal.App.4th 171, 198 [restitution is the restoration of the status quo by the awarding of an amount which would put plaintiff in as good a position as he would have been if no contract had been made and restores to plaintiff value of what he parted with in performing the contract]; *Day v. AT&T Corp*. (1998) 63 Cal.App.4th 325, 340 [restitution under section 17203 requires the defendant to have obtained something he was not entitled to and the plaintiff to give up something he was entitled to keep].)

In *Bast, supra*, 150 F.3d 1003, the court correctly found that state law damage claims that relate to an ERISA plan were not permitted under ERISA. Plaintiff Roger Timothy Bast, individually and as the personal representative of the estate of his late wife, Rhonda Rae Fleming Bast, and their minor son (collectively the "Basts") filed suit against Prudential Insurance Company ("Prudential") asserting that Prudential acted in bad faith and breached its fiduciary duty to Rhonda Bast by delaying the authorization for a potentially life saving medical

- 14 -
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

procedure, which Ms. Bast never underwent and subsequently died. *Id.* at 1006. The Basts filed suit and sought damages for Rhonda Bast's lost chance of survival, for out of pocket costs, loss of income, loss of consortium, and emotional distress. On appeal, the *Bast* Court found that these claims which sought extra-contractual and compensatory damages are not covered by ERISA, and for these claims, ERISA provides no remedy under 502(a). *Id.* at 1008-1009.

Similarly, in the instant matter, Plaintiffs allege Defendants were not entitled to obtain reimbursement of paid medical benefits and issue a lien against settlement funds from a third party tortfeasor concerning the cost of the medical treatment Plaintiffs received. Plaintiffs allege that as a direct and proximate result, Plaintiffs "…were deprived of thousands of dollars of settlement funds, for months and years." Complaint, ¶ 14. Plaintiffs' instant lawsuit against the Defendants allege State Law Claims and seek economic damages, non-economic damages, punitive damages, restitution, disgorgement of all profits, interest, penalties, and attorneys fees pursuant to C.C.P. § 1021.5. Complaint, ¶ ¶ 23, 26, 31, and 35. Just like the outcome in *Bast,* Plaintiffs' State Law Claims and corresponding remedies are preempted by ERISA. *Id.* at 1011.

### 4. The ERISA Savings Clause Does Not Save Plaintiffs' Claim From Preemption Because Defendants Cannot be Deemed To Be An Insurance Company

The Knox-Keene Act and California Code of Regulations promulgated there under (defined by Plaintiff collectively as "the Act") regulate "health care services plans." The Act may regulate a form of insurance but it does not govern Plaintiffs' claims against Defendants, which is neither a health care service plan nor in the business of providing insurance. Quest Diagnostics Inc. is an employer and the health care benefits Plan it offers to eligible employees is self-funded. (RFJN, ¶ 1, Exhibit 1, ¶¶ 4 and 7; Exhibit 1, Administration I-14). Neither Defendants or Quest Diagnostics Inc. can be "***deemed*** to be an insurance company…for purposes

of any law of any state purporting to regulate insurance." 29 U.S.C. § 1144(6)(2)(B).

The Court in *Belshe v. Laborers Health and Welfare Trust Fund,* 876 F. Supp 216 (1994), explains the interplay between the savings and deemer clauses as they relate to self-funded plans. In *Belshe,* the Department of Health & Human Services sued Laborers Health & Welfare Trust Fund seeking a declaratory judgment that the plan was subject a state law governing reimbursement to a state Medicaid program. The Court ruled in favor of Defendants, holding the state law was preempted by ERISA since Laborer's medical plans were self-insured. *Id.* The Court in *Belshe* held:

> A recent Supreme Court case interpreted the deemer clause to make a distinction between self-funded ERISA plans and insured ERISA plans, excluding self-funded plans from the reach of the savings clause because such plans may not be deemed to be insurance companies under the deemer clause. *FMC Corp. v. Holliday*, 498 U.S. 52, 61, 111 S.Ct. 403,409,112 L.Ed.2d 356 (1990). State Laws directed toward self-funded plans are thus preempted" because they relate to an employee benefit plan but are not 'saved' because they do not regulate insurance." *Id.* State laws that directly regulate insurance are "saved," but do not reach self-funded plans because such plans may not be deemed to be insurance companies. *Id*. Applying this distinction, the Court held that a state antisubrogation law was saved from preemption by the saving clause, but that a self-funded health care plan was exempt from the regulation under the deemer clause.

Relying upon the Supreme Court case, *FMC Corp. v. Holliday,* the *Belshe* court held, "the deemer clause protects self-funded plans from the reach of the savings clause, because such plans cannot be deemed insurance companies for purposes of a law regulating insurance. ERISA § 514 (b)(2)(B), 29 U.S.C.

Case 2:12-cv-03478-RGK-JCG Document 7 Filed 04/30/12 Page 17 of 20 Page ID #:204

§ 144(B)(2)." *Belshe* at 221.

Courts, including those in the Ninth Circuit, consistently follow the Supreme Court ruling in *Holliday* and find the deemer clause prohibits the application of state laws that regulate insurance to self-funded plans. See *United Food & Commercial Workers v. Pacyga*, 801 F. 2d 1157, (Ninth Cir. 1986) (a self-funded plan "…would have to be deemed to be insurance in order for the insurance savings clause to uphold a state law, such "deeming is specifically proscribed by ERISA."); *Zavala v. Trans-System, Inc*., 2006 WL 898019 (D.Or) (2006), ("State laws that directly regulate insurance…do not reach self-funded employee benefit plans because the plans may not be deemed to be insurance companies."); *Great West Life & Annuity Insurance Co. v. Perkins,* 2002 WL 1816438, *2 (W.D. Wash)(2002), ("The Plan is self-funded and thus, ERISA preempts state law to the extent that any such law would purport to limit the Plan's right of reimbursement.");  *Inter Valley Health Plan v. Blue Cross/Blue Shield of Connecticut,* 16 Cal App. 4th 60, 64 (1993), ("Our interpretation of the deemer clause makes clear that if a plan is insured, a State may regulate it indirectly through regulation of its insurer and its insurer's insurance contracts; if the plan is uninsured, the State may not regulate it…").  California statutes do not regulate the self funded plan at issue and therefore the Knox Keene Act is inapplicable and preempted by ERISA.

### E. Defendants are Exempt From the Federal Debt Collections Practices Act

The Federal Debt Collection Practices Act ("FDCPA") was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate

- 17 -
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  15 U.S.C. § 1692a(6).  The definition of "debt collector" under the FDCPA specifically excepts and excludes "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity…concerns a debt which was not in default at the time it was obtained by such person."  15 U.S.C. § 1692a(6)(F)(iii).

"[T]he FDCPA is inapplicable to 'collection efforts by those who obtained the right to payment on the debt before the debt was in default.'" *Kessleman v. The Rawlings Company, LLC*, 668 F.Supp.2d 604 (S.D.N.Y. 2009); *Dantin v. Rawlings Co., LLC.*, 2005 U.S. Dist. LEXIS 46182, 12-13 (M.D. La. Apr. 13, 2005).  Here, the Defendants are not "debt collectors" under the FDCPA because these companies obtain the "debt" prior to the time the debt is in default, thereby qualifying under the exemption.  The "debt" at issue is the Plaintiffs obligation to reimburse the Quest Plan for the health benefits they previously received.

Plaintiffs were advised well in advance of the "debt" of the right of reimbursement through the Plan documents which state in pertinent part as follows:

> "[i]f your medical plan pays claims for any condition or injury for which a third party…is liable, the medical plan reserves the right to recover the money it has paid.  <u>This means that if you or your dependant recover funds from a third party as a result of a judgment, settlement, or otherwise, you are responsible for reimbursing the medical plan for 100% of the amounts paid by the medical plan on your or your dependants' behalf.</u>  The medical plan has the first right to reimbursement and a priority over the funds you recover from a third party, regardless of how those funds are designated and

1  regardless of whether you or your dependant have been made whole.

2  (RFJN, ¶ 1, Exhibit 1, p. Health B-61, emphasis added).

3  The foregoing Plan language specifically provides for the right of
4  reimbursement of benefits before the "debt" becomes due. The obligation to
5  reimburse, however, does not arise unless and until a judgment or settlement is
6  reached and funds are recovered. *Id.* Plaintiffs' own obligation to reimburse the
7  Plan did not occur, and did not even exist until Plaintiffs recovered a settlement
8  from a third party. Plaintiffs' admit via their Complaint that they received notice
9  of the right to payment on the debt prior to entering into settlements with third
10 parties. Plaintiffs specifically allege Defendants "…repeatedly and routinely sent
11 letters to insurance companies, freezing settlements and interrupting payment of
12 claims." Complaint, ¶ 14. Thus, Defendants alleged act of "interrupting payment
13 of claims" alone demonstrates that the debt was not in default at the time
14 reimbursement was requested. Accordingly, this Court should dismiss Plaintiffs'
15 claim for violations of 15 U.S.C. 1569(a), et seq. with prejudice as Plaintiffs have
16 failed to state a claim for which relief can be granted.

17 **IV.  CONCLUSION**

18 Plaintiffs' State Law Claims, as well as the corresponding relief sought, fail
19 to state a claim upon which relief may be granted because each of the State Law
20 Claims asserted are completely preempted by ERISA under both sections 514 and
21 502. By the allegations of the Complaint, Plaintiffs admit their State Law Claims
22 relate to the receipt of medical benefits. Therefore, Plaintiffs admit that they are
23 essentially seeking a determination as to reimbursement of cost of the benefits
24 under the self-funded ERISA plan.

25 In addition, Plaintiffs' general request for restitution, injunctive relief,
26 attorneys fees pursuant to C.C.P. § 1021.5, economic damages, non-economic
27 damages, punitive damages, disgorgement of all profits, interest, and penalties are
28 preempted and not recoverable under ERISA.

- 19 -
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Additionally, Defendants are exempt from the FDCPA. Therefore, any alleged violation against Defendants should be dismissed with prejudice.

For the foregoing reasons, Defendants respectfully request that this court dismiss Plaintiffs' Complaint in its entirety with prejudice.

Dated: April 30, 2012                                         GORDON & REES LLP

By:   /s/ Michelle L. Steinhardt
Ronald K. Alberts
Michelle L. Steinhardt
Attorneys for Defendants
RAWLINGS FINANCIAL SERVICES, LLC and THE RAWLINGS COMPANY LLC erroneously sued as RAWLINGS GROUP, LLC; RAWLINGS COMPANY; RAWLINGS INC.; RAWLINGS CORPORATION; RAWLINGS CORPORATION, INC.; RAWLINGS CO. INC.